### McTAMMANY et al. v. PAILLARD.

(Circuit Court, S. D. New York. November 15, 1898.)

PATENTS—INFRINGEMENT—DEVICE FOR FEEDING AUTOMATIC MUSICAL INSTRUMENTS.

The McTammany patent, No. 290,697, claim 8, which relates to a device for feeding, winding, and guiding the perforated music sheet in automatic musical instruments,—the distinguishing feature consisting of mounting the two rolls on the same frame, so they can be simultaneously turned up out of the way,—is not for a primary invention, and is entitled to only a narrow range of equivalents. It is not infringed by a music box having a removable metal note disk which is revolved by means of toothed wheels.

This was a suit in equity by Alexander McTammany and the Regina Music-Box Company against Alfred E. Paillard for the infringement of a patent relating to automatic musical instruments. On final hearing.

Antonio Knauth and Joseph A. Stetson, for complainants.
Edwin H. Brown, for defendant.

COXE, District Judge.    This suit is brought by the owner and the exclusive licensee of letters patent, No. 290,697, granted to the complainant Alexander McTammany, December 25, 1883, for improvements in organs or other analogous wind instruments.    The present controversy is confined to that part of the invention which relates to "the device for feeding, winding, and guiding the perforated music sheet."   The patent contains 17 claims, but the eighth is the only one relied on.    It is as follows:

"(8) In an automatic musical instrument, the combination with a perforated music sheet of a frame or rack, which is removable from said sheet, and carries one of the feed rolls, and also a presser bar or roll, substantially as set forth."

The defenses are lack of invention and noninfringement.

The apparatus described and claimed has reference to wind instruments.    It consists of feed rollers geared together so that each contributes to propel the music sheet.    The sheet is made of paper, or other material, and is constructed somewhat like a Jacquard pattern card.    When the sheet is fed forward by the feed rolls it travels under a presser roll which holds it in the proper position.    The upper feed roll and the presser roll are both mounted upon a hinged rectangular frame which can be swung up, the sheet removed, a new sheet substituted and the frame turned back into place again.    The distinguishing feature of the invention is said to reside in thus mounting the two rolls on the same frame so that they can be simultaneously turned up and out of the way.    The invention is not a primary one.    The Mennons patent of December 3, 1866, relates to improvements in apparatus for automatically playing organs and other similar instruments.    It shows a perforated music sheet drawn by feed rolls under a hinged retaining and presser bar.    The Hunt patent of November 22, 1871, shows a similar apparatus with the additional feature that the retaining bar is a grooved roller which presses down the music sheet, means being shown for locking the roller in operative position.    The Debain patent of August 29, 1846, shows a hinged bar carrying a roller which presses down on the music sheet and holds it in place.    It is plain, then, that the McTammany invention, which was made 15 years ago, must be confined to mechanisms having, at least, the same general characteristics as those described and shown.    The complainants are not entitled to a broad range of equivalents.    The claim cannot be construed to include all instruments where music is produced automatically by advancing a music sheet by feed rollers and holding it in position by a frame which carries a presser roll and is removable from the sheet.    It is not pretended that the defendant uses the elements of the combination of the eighth claim, but only equivalents therefor.    As before seen the complainants are only entitled to a narrow range of equivalents, but it is thought that the defendant's device differs so radically from the complainants' that he cannot be held as an infringer even if the claim were entitled to a broad interpretation.    The defendant's instrument is not an organ but a music box.    It has no paper music sheet but a revolving metal note disk.    This disk is perforated but not in the sense of the patent.    The perforations do not make the music.    This

is made by the projections struck up from the disk coming in contact with the star wheels. The disk is revolved by a toothed wheel which engages with downwardly projecting teeth arranged around the outer edge of the disk. There are no feed rolls like those shown in the patent. The disk is held in position and guided with precision by means of a pin which engages with a central hole in the disk; there are no side guides as shown in the patent. The disk is held down by a rod hinged at the outer end and latched to the pin at its inner end. This rod can be unlatched, turned up and the note disk removed. It has no rotary motion of its own, but it is provided with a number of loose antifriction rollers which enable the disk to revolve easily. These rollers are not geared to the toothed wheel, have no motion of their own and are not feed rollers in any sense. Their presence does not advance the disk the fraction of an inch. The upper feed roll of the patent is certainly absent. There is no substitute whatever for the rectangular rack of the patent, but the hinged rod is suggested as an equivalent. This contention cannot be maintained. The argument to prove infringement is most ingenious, but it is based upon the erroneous assumption that the patentee preceded all other makers of automatic musical instruments and hit upon a combination so fundamentally novel as to subject to tribute all those who subsequently entered the field. What he did in fact do was very far from this. The bill is dismissed.